Elmer Becker and Bernice Becker v. Commissioner. Elmer Becker v. Commissioner.
Becker v. Commissioner
Docket Nos. 26975, 26976.
United States Tax Court
1951 Tax Ct. Memo LEXIS 211; 10 T.C.M. (CCH) 520; T.C.M. (RIA) 51162; May 31, 1951
*211 Lloyd Allan, Esq., 38 S. Main St., Mayville, Wis., for the petitioners. George T. Donoghue, Jr., Esq., for the respondent. LEMIRE Memorandum Opinion LEMIRE, Judge: These proceedings involve income tax deficiencies for 1946, 1947, and 1948 in the respective amounts of $167.60, $278.40 and $120.28. The sole issue, which is common to all the years involved, is whether petitioners' gains from the sale of livestock are taxable as capital gains or as ordinary income. The proceedings were consolidated for hearing and opinion and were submitted on a written stipulation of facts, which is incorporated herein by reference. [The Facts] The stipulated facts are in substance as follows: Petitioners are husband and wife residing near Hartford, Wisconsin. They filed their income tax returns with the collector of internal revenue for the district of Wisconsin at Milwaukee. The returns for 1946 and 1947 were filed by petitioner Elmer Becker. The 1948 return was a joint return. All of the returns were made on the cash basis. The term petitioner will be used hereinafter to refer to Elmer Becker. The petitioner is a farmer. He operates a dairy and a hog farm and realizes *212 most of his income from the sale of milk and hogs, which he raises. It is his practice to keep brood sows, which he selects from his gilts each year, until they have farrowed two or three litters of pigs and then sell them for meat, along with his "feeders." Each year petitioner culls the unprofitable cows from his dairy herd, sells them for beef, and replaces them with young stock which he has raised or purchased for that purpose. Petitioner reported income from the sale of calves and hogs in 1946, 1947, and 1948 as follows: 1946
1947
1948
Calves
$ 689.15
$ 790.21
$ 880.45
Hogs
4,736.81
8,990.58
9,436.75
In 1946 petitioner sold seven cows, two bulls and thirteen brood sows, all of which had been held by him for more than six months. The total amount received from these sales was $2,462.64 and the net gain, after deducting cost and making adjustments for depreciation, was $1,748.98. In 1947 petitioner sold twenty-one cows, fifteen brood sows, and one boar, all of which he had held for more than six months. Seventeen of these cows were sold to reduce the dairy herd because the hired hand had quit and petitioner was unable to care for the full *213 herd. These sales together brought $5,083.55 gross and $2,846.13 net. The respondent determined that the gain on these sales was ordinary income but he now concedes that the gain from the sale of the seventeen cows sold to reduce the size of the herd after the hired hand had quit was a capital gain. Also in 1947 petitioner had a gain of $240.41 from the sale of fourteen cows and a loss of $30.40 from the sale of a boar, all of which he had held for less than six months. By a mistake, it is stipulated, petitioner reported the gain of $210.01 from these sales as a capital gain but now concedes that it is taxable as ordinary income. In 1948 petitioner sold three cows, ten brood sows, two boars and one bull, all of which he had held for more than six months. The total amount received was $1,925.80 and the net gain $1,538.59. All of the above mentioned sales, except for the seventeen cows sold in 1947, were normal sales in the course of petitioner's business and did not reduce materially the size of his herds. In 1947 petitioner sold a horse at a loss of $13.00. In 1948 he sold a truck at a loss of $26.66 and a beet loader at a loss of $159.40. These had all been used by petitioner *214 in his business and had been held for more than six months. Petitioner reported the losses as capital losses. In his deficiency notice the respondent determined that petitioner's gains from the above sales of cattle and hogs are taxable as ordinary income and not as capital gains; since by such sales petitioner did not reduce the size of his herds but merely sold off the culls. [Opinion] Except for the matters agreed to by the parties, the stipulated facts bring this case squarely under the rule of cases like ; ; ; , and others which hold that the gains from sales by a farmer of livestock culled from dairy or breeding herds and held for the statutory period are capital gains and not ordinary income. The respondent does not question the applicability of the rule of these cases here but he argues that the cases are wrong and should not be followed. We can not accept that view. Except as the parties have agreed otherwise, the gains in dispute will be treated as capital gains in the recomputation *215 to be made under Rule 50. Decision will be entered under Rule 50.